### Bessie LATHAM, Plaintiff,

v.

### Margaret HECKLER, Secretary of Health and Human Services, Defendant.

#### No. 85 CV 2549.

United States District Court, E.D. New York.

May 29, 1986.

---

ORDER AND DECISION

KORMAN, District Judge.

This is an action brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g), to review a final determination of the Secretary of Health and Human Services ("the Secretary") which denied plaintiff's application for disability insurance benefits.

Plaintiff filed an application for disability insurance benefits on October 21, 1983 (T. 65–68). The application was denied initially (T. 69–73), and on reconsideration (T. 76–78). Plaintiff requested a hearing to review the denial, and a hearing was held on June 9, 1984 (T. 18–43). Plaintiff appeared at this hearing without counsel. A rehearing mandated by *Dixon v. Heckler,* 589 F.Supp. 1494 (S.D.N.Y.1984), and at which plaintiff was represented, was held on December 19, 1984 (T. 44–64).

On March 22, 1984, the Administrative Law Judge ("ALJ") before whom plaintiff appeared issued a decision holding that plaintiff was not disabled on the ground that, notwithstanding a variety of ailments, she retained the residual functional capacity to perform her past relevant work (T. 7–12). The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied plaintiff's request for its review on May 9, 1985 (T. 4).

### DISCUSSION

The issue for determination is whether the decision of the ALJ is supported by substantial evidence on the record as a whole. *Fiorello v. Heckler,* 725 F.2d 174, 176 (2d Cir.1983). Substantial evidence is more than a mere scintilla; it is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.,* at 176, *citing, Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). A careful review of the record reveals that the decision of the ALJ is not supported by substantial evidence and must be reversed.

Gerald Mann, New York City, Kathleen Watson, Beverly Schlesinger, of counsel, DC 37 Municipal Employees Legal Serv., for plaintiff.

Reena Raggi, U.S. Atty., E.D.N.Y. by Patricia T. Galvin, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

When plaintiff stopped working in September 1983, due primarily to complaints of arthritic pain and limitation of motion in her right knee, she was nearly sixty years of age and had a 31–year work history. For the last 15 years, she had worked as an attendant in a foster care agency, a job which required her to be on her feet approximately six hours a day. The job involved shopping for the foster parents and children, fixing food for and serving them when they came to the agency for meetings, and xeroxing and answering the telephone when the receptionist was unavailable.

The ALJ accepted plaintiff's claim that her former job required her to walk for six hours, sit for two hours, and lift and carry in the range of 10–20 pounds (T. 11). The ALJ also found that the medical evidence supported plaintiff's claims regarding the arthritis in her knees, at least insofar as it restricted her ability to engage in prolonged walking and standing:

> The claimant has the residual functional capacity to perform work-related activities except for work involving prolonged standing; walking, heavy and medium lifting; and carrying due to knee pain. (T. 12).

Finding, however, that the plaintiff "retain[ed] the residual functional capacity for the full range of light work" (T. 11) and that the requirements of her former job were such that it could be characterized as "light" in nature, the ALJ concluded that "[t]he claimant's impairments do not prevent the claimant from performing her past relevant work" (T. 12).

■ The problem with this syllogism is that the ALJ misdefined "light work" as involving only "limited standing and walking" (T. 11). "Light work" is actually defined (in Regulation No. 4, Section 404.-1567(b)) as involving "a good deal of walk-ing or standing." Social Security Ruling 83–10 states that this is the primary difference between "light" and "sedentary" work, and notes that since light work requires "frequent" lifting or carrying of objects, and frequent lifting means being on one's feet up to two-thirds of a workday, "the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday."

Had the ALJ applied the correct definition of "light work," he would have been required to find that the plaintiff could not perform work in that category, in light of his own findings as to her inability to engage in prolonged walking and standing. He would also have been required to find that the plaintiff could not perform her past relevant work as an attendant in a foster care agency, since that job required her to walk for approximately six hours a day. Since it was in reliance on an erroneous definition of "light work" that the ALJ found the plaintiff retained the residual functional capacity to perform her past relevant work, such finding was not supported by substantial evidence.[1]

Once the plaintiff satisfies her initial burden of showing that she is incapable of performing her past relevant work, the burden shifts to the Secretary to show that the plaintiff's impairments do not prevent her from performing other substantially gainful work that exists within the national economy. *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir.1983). Here, the Secretary offered no evidence on this issue, being content to rest on the administrative record, which consisted mainly of medical records and the plaintiff's testimony. There was no evidence, such as the testimony of a vocational expert or consulting physician, that the plaintiff could hold another type of job—either "light" or "sedentary" in nature.

---

1. The ALJ also mischaracterized the plaintiff's past relevant work as that of a "receptionist" (T. 11), notwithstanding that according to the undisputed evidence, receptionist-type duties represented only one part of her job (T. 87, 164). However, regardless of the label affixed to her former job, and whether it can be characterized as "light" or "sedentary" work, it is clear, in light of the ALJ's own finding that the job required plaintiff to walk approximately six hours a day, that she was not capable of performing it.

The ALJ's observations that the plaintiff uses only mild analgesics for pain, that she did not carry a cane at the hearing although she claimed she uses one, that she did not "exhibit any overt signs of pain, discomfort, distress or abnormality of gait at the hearing" (T. 11), and even that her "allegations of severe pain are not credible" (T. 12), are not sufficient to sustain the Secretary's burden of proving that there are other jobs in the national economy which the plaintiff could perform. The ALJ's observations regarding plaintiff's pain, being those of a lay person are entitled to but limited weight. *Carroll v. Secretary, supra,* 705 F.2d at 643.

Moreover, even assuming that the plaintiff was capable of engaging in a full range of work at either the "light" or "sedentary" level, so as to permit the use of the Secretary's Medical-Vocational grids (Appendix 2 of Subpart P of Regulation No. 4), a finding of "disabled" would be directed. Plaintiff is of an "advanced age" (approximately 60 at the time of the hearing), of "limited education" (two years of high chool), and her past work as an attendant was seemingly unskilled. Thus, under either 20 C.F.R. 404.202.01 and 404.202.00(c) (the grid and regulations for "light work"), or 20 C.F.R. 404.201.01 and 404.201.00(g) (the grid and regulations for "sedentary work"), plaintiff is disabled.

Since the Secretary failed to sustain his burden, the ALJ's finding that the plaintiff is not disabled is not supported by substantial evidence. There being no reason to remand the case for reconsideration by the Secretary upon the existing record or upon a record to be amplified, see *Carroll v. Secretary, supra,* 705 F.2d at 643–44 (power to remand where Secretary fails to sustain his burden is limited by 1980 amendment of 42 U.S.C. § 405(g) to situations where Secretary shows "good cause for the failure to incorporate such [additional] evidence into the record in [the] prior proceeding"), the decision of the ALJ is reversed, and remanded solely for the calculation of benefits.